COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER REINSTATING APPEAL AND ADVISING THAT
COURT MAY DISMISS FOR LACK OF JURISDICTION

Appellate case name:      In the Matter of M.S.

Appellate case number:   01-21-00374-CV, 01-21-00375-CV

Trial court case number:  2020-01648J, 2020-01618J

Trial court:                     313th District Court of Harris County

Appellant M.S. filed two notices of appeal on July 7, 2021 challenging the June 14, 2021 and June 15, 2021 certification orders of the 313th Juvenile District Court of Harris County, in which the court waived its original jurisdiction and transferred Appellant's cases to the 230th District Court of Harris County "for criminal proceedings to be dealt with as an adult in accordance with the Code of Criminal Procedure."[1]   In unsworn statements attached to his notices of appeal, Appellant requested the appointment of appellate counsel stating that his trial counsel, who filed the notices of appeal, would not be handling his appeals.

On March 15, 2022, this Court abated the appeals and remanded the cases to the 313th Juvenile District Court, directing the trial court to conduct a hearing to determine whether Appellant is indigent and entitled to court-appointed counsel.  The following day, on March 16, 2022, the State filed a "Motion to Dismiss Appeal Due to Lack of Jurisdiction" arguing the appeals should be dismissed because Appellants' notices of appeal were not filed timely.  The State argues that under Texas Rule of Appellate Procedure 26.1(b) and "pursuant to Texas Supreme Court order" Miscellaneous Docket No. 15-9156, the appeals are accelerated and thus Appellant's failure to "file his notices of appeal by July 5, 2021, makes the notices untimely." *See* TEX. R. APP. P. 26.1(b) (requiring notice of accelerated appeal to be filed within twenty days after judgment is signed).

Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeals.  *See* TEX. R. APP. P. 25.1(b);  *In the Interest of C.S.*, No. 04-04-00491, 2004 WL 2046623, at *1 (Tex. App.—San Antonio Sept. 14, 2004, no pet.) (mem. op.) (dismissing accelerated appeal for lack of jurisdiction).  **We withdraw this Court's March 15, 2022 order of abatement and**

---

[1]      Appellant's cases stem from charges of capital murder and aggravated robbery with a deadly weapon. They are docketed before the 230th District Court as Cause Nos. 172727001010-3 and 172726901010-3, respectively.

**reinstate the appeals on our active docket.** Appellant is notified that the Court may dismiss his appeals for want of jurisdiction unless he files a written response demonstrating, with citation to the record, statutes, rules, and case law, why this Court has jurisdiction over his appeals. **Any response must be filed within 21 days of the date of this notice.** If a meritorious response is not received by the deadline, the Court may dismiss the appeals for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

In its Motion to Dismiss, the State explains that Texas Supreme Court Miscellaneous Docket No. 15-9156 provides that "[w]hen a juvenile court certifies a juvenile to stand trial as an adult, the court must inform the juvenile and the juvenile's attorney, orally, on the record in open court and in writing in the certification order:

    a. that the juvenile may immediately appeal the certification decision under Family Code section 56.01; and

    b. that, by order of this Court, the appeal is accelerated under the Texas Rule of Appellate Procedure applicable to accelerated appeals.

*See* TEXAS SUPREME COURT ORDER ACCELERATING JUVENILE CERTIFICATION APPEALS AND REQUIRING JUVENILE COURTS TO GIVE NOTICE OF THE RIGHT TO AN IMMEDIATE APPEAL, (Misc. Docket No. 15-9156, Aug. 28, 2015). The written certification orders from which Appellant appeals, and filed with this Court, do not include the language identified in subsections a. and b. above.[2] **Appellant and the State are hereby directed to file a response within 21 days of this notice explaining what impact, if any, the lack of such language may have on this Court's jurisdiction or the finality of the certification orders.**

It is so ORDERED.

Judge's signature: /s/ Veronica Rivas-Molloy
                 Acting individually

Date: March 29, 2022

---

[2]      The reporter's record for the present appeals has not been filed.